IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | CV-09-95-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY and JOHN DOES I and II, | |
| Defendants. | |

Plaintiff Timothy McCollough ("McCollough") initiated this third-party insurance bad faith case in state court after he prevailed in his lawsuit in this Court against Johnson, Rodenburg & Lauinger ("JRL") for claims related to JRL's debt collection activities directed at McCollough. See Cmplt. (Court's Doc. No. 4) at 2-5. Defendant Minnesota Lawyers Mutual Insurance Company ("Minnesota Lawyers"), JRL's insurer, removed the case to federal court invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal (Court's Doc. No. 1) at 2.

Now pending is Minnesota Lawyers's Motion for Stay of

Proceedings or, in the Alternative, Protective Order ("Minn. Lawyers's Mtn."). Court's Doc. No. 9. Having considered the parties' arguments, for the reasons discussed herein, the Court will recommend that the motion to stay proceedings be granted.

I.    BACKGROUND

In 2007, McCollough sued CACV of Colorado, LLC ("CACV"), and JRL alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Montana's Unfair Trade Practices and Consumer Protection Act, abuse of process, and malicious prosecution. McCollough v. Johnson, Rodenberg & Lauinger, CV 07-166-BLG-CSO ("underlying JRL case") (Final Pretrial Order, Court's Doc. No. 140, at 4). McCollough settled with CACV during discovery, id. (Notice of Dismissal, Court's Doc. No. 5, at 1), and obtained summary judgment on the FDCPA claim against JRL. Id. (Court's Doc. No. 140, at 2).

At an April 2009 trial, a jury found in McCollough's favor on the remaining claims. Id. (Special Verdict Form, Court's Doc. No. 161, at 1-2). Upon the Court's direction, id. (Order RE: Judgment, Court's Doc. No. 183), the clerk of court entered judgment in McCollough's favor on

June 3, 2009.  Id.  (Judgment in a Civil Case, Court's Doc. No. 184).

Following the Court's denial of JRL's post-trial motion, id. (Order

Denying [JRL's] Motion for a New Trial and to Amend the Judgment,

Court's Doc. No. 203), JRL appealed to the Ninth Circuit Court of

Appeals on August 19, 2009.  Id. (Notice of Appeal, Court's Doc. No.

204).

On June 5, 2009, two days after entry of Judgment in the

underlying JRL case, McCollough filed the instant action in state court.

Cmplt. (Court's Doc. No. 4).  He alleges, in part, that

> [d]espite ... multiple judicial determinations establishing
> that its insured was legally liable for harm caused to
> McCollough, ... Minnesota Lawyers Mutual entirely
> neglected to attempt to effectuate a prompt, fair and
> equitable settlement with McCollough, and otherwise
> violated Montana Code Annotated § 33-18-201(1), (4) and (6),
> and its separate duty of good faith and fair dealing.

Id. at ¶ 9.

On August 12, 2009, Minnesota Lawyers filed the pending motion

for stay and, in the alternative, for a protective order.  It seeks either a

stay of these proceedings pending the Ninth Circuit's resolution of the

underlying JRL case or, in the alternative, a protective order

prohibiting discovery of its file regarding the underlying JRL case.
Minn. Lawyers's Mtn. at 1-2.

## II.   PARTIES' ARGUMENTS[1]

Minnesota Lawyers argues that this action is premature and
urges the Court to stay it for two principal reasons.   First, before third-
party bad faith actions may proceed, they must first meet MCA § 33-18-
242(6)(b)'s requirement that the underlying action be finally
adjudicated or settled.  Mem. of Law in Support of Deft's Mtn. ("Minn.
Lawyers's Br.") (Court's Doc. No. 10) at 6-8.  Such finality is critical,
Minnesota Lawyers argues, because discovery in the bad faith case of
documents containing attorney-client and work product information
would be unfairly prejudicial to the defendant in the underlying JRL
case if it is reversed or retried.  Id.

Second, Minnesota Lawyers argues, a stay of this case is
warranted because, if the Ninth Circuit reverses the underlying JRL
case, this case would be unnecessary.  Id. at 8-11.  Any expenditure of

---

[1]Because the Court is recommending that Minnesota Lawyers's
motion be granted to the extent it seeks a stay of proceedings, the Court
will not address the parties' arguments related to Minnesota Lawyers's
alternative motion for a protective order.

resources in this case, it argues, would be wasted.  Minn. Lawyers's Reply (Court's Doc. No. 12) at 5.  Even if the Ninth Circuit reverses only part of the underlying JRL case, Minnesota Lawyers argues, at least some expenditure of legal resources would be wasted and information revealed in discovery would be unfairly prejudicial to JRL if the underlying JRL case has to be tried again.  Id.

In response, McCollough argues that Minnesota Lawyers has failed to show that either a stay or a protective order is necessary.  Pltf's Br. in Opposition to Mtn. for Stay of Proceedings and for Protective Order ("McCollough's Resp.") (Court's Doc. No. 11) at 2.  First, he argues that judicial economy weighs in favor of denying a stay because the defendant, relevant facts, and legal issues in the underlying JRL case are "entirely different" from those in the case at hand.  Id. at 6. For example, he argues, JRL is the defendant in the underlying case while Minnesota Lawyers is the defendant here.  Also, the underlying case involved facts and legal claims relating to JRL's debt collection activities while this case involves facts and legal claims relating to insurance claims handling practices.  Id.  Because of these differences,

McCollough argues, "[t]here is no danger of 'conflicting judgments' because these are completely different cases, with different parties, presenting different legal issues." Id.

Second, McCollough argues that any balancing of hardships between the parties in this case favors denying a stay. Id. at 8-16. He argues that because Minnesota Lawyers is not a party to the underlying JRL case, it "is not being forced to expend time and money litigating the same issues in multiple forums." Id. at 9. On the other hand, McCollough argues, it is fairly possible that he will suffer harm if this case is stayed because: (1) "justice delayed is justice denied" and more than three months already have passed since entry of judgment in the underlying JRL case; (2) he needs discovery to identify the "John Doe" defendants named in this case and claims against them will be time-barred if not filed within the next nine months; and (3) discoverable evidence is subject to loss or destruction during any delay in the proceedings that a stay may produce. Id. at 14-15.

Third, McCollough argues that Montana law indicates that bad faith claims against insurers not only may be brought promptly

following an underlying action, but must be brought promptly.  He argues that § 33-18-242(6), MCA, does not allow a third-party claimant to file a bad faith action until after the underlying claim has been settled or a judgment entered in favor of the claimant.  But at the same time, § 33-18-242(7)(b), MCA, requires the third-party claimant to file the bad faith claim within one year.  This short statute of limitations, McCollough argues, indicates that the Montana legislature intended that third party claimants file bad faith actions while underlying actions are pending on appeal.  Id. at 9.

III.  <u>DISCUSSION</u>

The U.S. Supreme Court in <u>Landis v. North American Co.</u> announced the general principle that district courts have inherent power to control their dockets and promote efficient use of resources "for itself, for counsel, and for litigants."  299 U.S. 248, 254 (1936).  A district court thus enjoys discretion to stay proceedings in its own court when appropriate.  Id.; <u>Dependable Highway Express, Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007); <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005).  But the Ninth Circuit

Court of Appeals cautions that it reviews a district court's exercise of

discretion in entering a stay order under a "somewhat less deferential"

standard than the abuse-of-discretion standard employed in other

contexts.  <u>Dependable Highway</u>, 498 F.3d at 1066 (citation omitted).

In <u>Landis</u>, the Supreme Court provided the following guidance for

courts considering motions for stay orders and observed that the

analysis requires balancing the benefits of a stay with any hardship a

stay may impose:

> [A party seeking] a stay must make out a clear case of
> hardship or inequity in being required to go forward, if there
> is even a fair possibility that the stay for which he prays will
> work damage to some one else.  Only in rare circumstances
> will a litigant in one cause be compelled to stand aside while
> a litigant in another settles the rule of law that will define
> the rights of both.

<u>Landis</u>, 299 U.S. at 255.

The Ninth Circuit has refined the <u>Landis</u> standard with the

following factors courts should consider: (1) "stays should not be

indefinite in nature" and "should not be granted unless it appears likely

the other proceeding will be concluded within a reasonable time[,]"

<u>Dependable Highway</u>, 498 F.3d at 1066 (citing <u>Leyva v. Certified</u>

Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979)); (2) courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in delay in monetary recovery, Lockyer, 398 F.3d at 1110 (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268-69 (9th Cir. 1962)); (3) stays may be appropriate if resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed, id. at 1110-11 (citing CMAX, 300 F.2d at 269 ("In the interests of uniform treatment of like suits there is much to be said for delaying the front runner.")); and (4) stays may be appropriate for courts' docket efficiency and fairness to the parties pending resolution of independent proceedings that bear upon the case, "whether the separate proceedings are judicial, administrative, or arbitral in character, and [such stays] do[] not require that the issues in such proceedings are necessarily controlling of the action before the court[,]" id. at 1111 (citing Leyva, 593 F.2d at 863-64).

Applying the foregoing analytical framework to the case at hand, the Court concludes that a stay is appropriate in this case. Both the

balance of hardships between the parties and the potential for narrowing issues justify a stay.

As an initial matter, after weighing the parties' competing interests as <u>Landis</u> requires, the Court believes it is reasonable to conclude that there exists a fair possibility that a stay of these proceedings will work at least some damage to McCollough. A delay in any potential recovery he may receive, by itself, raises a "fair possibility" of harm to him. Thus, under <u>Landis</u>, Minnesota Lawyers must show a "clear case of hardship or inequity" warranting a stay. The Court concludes that it has.

First, inequity would result from discovery of Minnesota Lawyers's JRL file if it reveals attorney-client or work product information. Such disclosure could unfairly prejudice JRL in the underlying case should JRL prevail in its appeal and return to this Court. The Court notes that McCollough, in resisting Minnesota Lawyers's motion both to the extent it seeks a stay and to the extent it seeks a protective order, argues that his discovery requests "are essentially standard initial discovery requests, typical of those served in

the vast majority of third-party MUTPA cases" and that this "broad discovery – including discovery addressed to precisely the matters McCullough (sic) seeks to explore – is contemplated under Montana law, and recognized as appropriate by the Ninth Circuit."  McCollough's Resp. at 12.

Second, as discussed in more detail below, resolution of the appeal in JRL's favor could render this case unnecessary.  Should the Ninth Circuit reverse the underlying JRL case in its entirety and find in favor of JRL, McCollough may have no third-party bad faith case against Minnesota Lawyers.  Subjecting Minnesota Lawyers to potentially costly and resource-consuming discovery would pose a hardship upon it if JRL prevails on appeal.

Third, this Court is mindful of its obligation to attempt to safeguard judicial resources.  Although it is not of paramount concern, allowing proceedings in this case could result in unnecessary expenditures of the Court's resources if JRL prevails on appeal.  See Lockyer, 398 F.3d at 1112 (recognizing "the importance of the district court having the ability to control its own docket, particularly in this

-11-

time of scarce judicial resources and crowded dockets.").

Finally, the factors detailed above that the Ninth Circuit instructs district courts to consider in evaluating stay requests weigh in favor of a stay. First, a stay here would not be the "indefinite in nature" variety that the court criticized in <u>Dependable Highway</u>, 498 F.3d at 1066 (citing <u>Leyva</u>, 593 F.2d at 864). Rather, Minnesota Lawyers seeks, and this Court will recommend imposition of, only a stay limited in duration to the pendency of the appeal in the underlying case. The appeal before the Ninth Circuit presumably "will be concluded within a reasonable time" as the Ninth Circuit contemplated in <u>Dependable Highway</u>. Thus, the stay in this matter will not be indefinite in nature.

Second, McCollough in this action seeks solely monetary damages. Cmplt. at 5-6. He does not allege continuing harm, nor does he seek injunctive or declaratory relief. A stay, therefore, might result only in possible delay in monetary recovery. <u>Lockyer</u>, 398 F.3d at 1110 (citing <u>CMAX</u>, 300 F.2d at 268-69).

Finally, resolution of issues in the underlying JRL case's appeal would assist in resolving issues in this case. <u>Id.</u> at 1110-11 (citing

CMAX, 300 F.2d at 269).  Whatever the outcome of the appeal, the

Ninth Circuit's decisions on issues pending therein likely will have a

substantial impact on McCollough's claims in this case.  Id. at 1111

(citing Leyva, 593 F.2d at 863-64).

        In reaching the above conclusions, the Court finds unpersuasive

McCollough's arguments in opposition to a stay.  McCollough's

contention that this case need not be stayed because Minnesota

Lawyers "is not a party to the other proceedings and is not being forced

to expend time and money litigating the same issues in multiple

forums," McCollough's Resp. at 8-9, ignores the reality of the

relationship between an insurer and its insured.  As counsel are aware,

an insurer often is contractually bound to spend time and money

litigating cases on behalf of its insureds.  Given the relationship

between Minnesota Lawyers and JRL, it is reasonable to assume that

Minnesota Lawyers has an interest, pecuniary or otherwise, in the fate

of the underlying JRL case.  Thus, the proposition that Minnesota

Lawyers has no stake in the underlying JRL case is unconvincing.

        McCollough may be correct that the underlying JRL case has a

different defendant, different relevant facts, and different legal issues from the case at hand. But these differences do not foreclose a stay of proceedings in this case. The Supreme Court in <u>Landis</u> instructed that a district court may impose a stay if it is "efficient for its own docket and the fairest course for the parties ... pending resolution of independent proceedings which bear upon the case" and noted that imposition of a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." <u>Landis</u>, 299 U.S. at 863-64. Because resolution of the underlying JRL case's appeal could bear upon issues in this case, the Court may enter a stay. <u>Id</u>.; <u>Levya</u>, 593 F.2d at 863 (stay may be most efficient and fairest course when there are "independent proceedings which bear upon the case.").

The Court also declines to alter its conclusion herein even when faced with McCollough's argument that a stay will time bar his claims against John Doe defendants. The Court concludes that the argument is too speculative. Without citation to any authority, McCollough claims that "John Doe defendants will be time-barred if [an amended

-14-

complaint identifying them is] not filed within the next nine months."[2]
McCollough's Br. at 15.

Should McCollough seek to amend his complaint to substitute John Doe defendants with fully identified parties after the applicable statute of limitations expires, Rule 15(c) of the Federal Rules of Civil Procedure will provide the only procedural vehicle.  See Hovland v. Gardella, 2008 WL 5395738 *11 (D. Mont. 2008) (noting that federal Rule 15(c)(1) applies rather than Montana's Rule 15(c) when such attempted amendment occurs after removal from state court).  Rule 15(c)(1) provides:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a

---

[2]McCollough arrived at the "nine months" figure because he filed this action in state court on June 5, 2009 (Court's Doc. No. 4), i.e., three months before filing his brief in response to Minnesota Lawyers's motion to stay.  The applicable statute of limitations for his claim is one year. MCA § 33-18-242(7)(b).  Thus, nine months remained at the time he filed his brief until the expiration of the statute of limitations, assuming the filing commenced the action for purposes of the statute of limitations. Minnesota Lawyers takes the position that the "statute of limitations has not yet begun to run on [McCollough's] claim [and] he does not have to name his John Doe defendants until after the [underlying JRL case] is litigated to finality."  Minn. Lawyers's Reply Brief (Court's Doc. No. 12) at 11.

pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, neither McCollough nor the record provides any reliable insight regarding the possible identity of the John Doe defendants or of the role each may have played in the events giving rise to his action.  At this juncture, on this record, it is impossible to employ the foregoing rule to determine whether any hypothetical amendment might relate back with respect to any hypothetical John Doe defendant McCollough might later identify.   Thus, the Court is not inclined to alter its

conclusion that a stay is appropriate herein.

Finally, also informing the Court's decision here is the unsettled nature of Montana law regarding the degree of finality that must exist before a third-party claimant may bring a third-party insurance bad faith case.  As noted, Minnesota Lawyers, although it does not seek dismissal of this action, argues that this case is premature.  It contends that MCA § 33-18-242(6)(b) requires that the underlying case be finally adjudicated before such a claim may proceed and that, because an appeal is pending in the underlying case, the requisite finality has not been satisfied.  Minn. Lawyers's Br. at 6-8.

McCollough, on the other hand, counters that the statute requires only that the underlying claim be "settled or a judgment entered in favor of the claimant on the underlying claim."  McCollough's Br. at 9 (quoting MCA § 33-18-242(6)(b)).  He adds that, once judgment has been entered, the statute further requires that the third-party claimant file the claim within one year.  Id. (citing MCA § 33-18-242(7)(b)).  Thus, McCollough argues, not only may he proceed with his case now, he is required under the statute to do so.  Id.  McCollough further argues that

a balance has been struck in Montana between the
competing interests of third-party [Montana Unfair Trade
Practices Act ("MUTPA")] claimants, and insurers. The
legislature, and the Montana Supreme Court, have declared
that once judgment has been entered in favor or the
claimant by the district court, a third-party MUTPA may
<u>proceed</u>.  Neither the Montana legislature, nor the Montana
Supreme Court, has declared that the third-party claim may
be filed, but cannot proceed in the normal manner.

Id. at 11-12 (emphasis in original).

No case decided by the Montana Supreme Court addresses this

precise issue in the context presented in the instant case.[3]  In any event,

resolution of this issue is not necessary to allow the Court to grant the

stay requested.  It is true that the statute requires that an underlying

case be settled or that judgment in it be entered before a third-party

_____

[3]The Montana Supreme Court has issued decisions in workers'
compensation cases that address the issue.  <u>See</u>, <u>e.g.</u>, <u>O'Connor v. Nat'l
Union Fire Ins. Co.</u>, 87 P.3d 454, ¶ 30 (Mont. 2004) (answering certified
questions from the Ninth Circuit, the Montana Supreme Court held that
MUTPA claims against an insurer accrue when Workers' Compensation
Court enters judgment even though the judgment left open question of
total extent and duration of the worker's disability).  But because the
"inherent nature of workers' compensation claims and the workers'
compensation system creates a piecemeal process" that allows some claims
to be settled or otherwise finally resolved, "other claims [may be] left open
or reserved for later disposition." <u>Jimenez v. Liberty Northwest Ins. Corp.</u>,
2007 WL 1378407 (D. Mont. 2007).  Thus, such cases do not provide
definitive guidance on the issue.

-18-

claimant may file a third-party claim.  Here, judgment was entered and McCollough filed his third-party claim.  All the Court is recommending herein is that this case be stayed pending resolution of the appeal of the underlying JRL case.  A stay will not interfere with McCollough's ability to file an action since he already has filed it, nor will a stay foreclose his ability to proceed with this action, if appropriate, once the appeal is decided.

IV.   <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that Minnesota Lawyers's Motion for Stay of Proceedings (Court's Doc. No. 9) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 26th day of October, 2009.

/S/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge