FILED
BILLINGS DIV.

2010 FEB 3 PM 3 13

PATRICK E. DUFFY, CLERK

BY ————————————
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS  DIVISION

| | |
|---|---|
| TIMOTHY MCCOLLOUGH,<br><br>           Plaintiff,<br><br>vs.<br><br>MINNESOTA LAWYERS MUTUAL<br>INSURANCE COMPANY and JOHN<br>DOES I and II,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV-09-95-BLG-RFC-CSO

**ORDER ADOPTING FINDINGS
AND RECOMMENDATIONS OF
U.S. MAGISTRATE JUDGE**

United States Magistrate Judge Carolyn Ostby has entered Findings and

Recommendation (*Doc. 21*) recommending that Defendants' motion to stay

proceedings (*Doc. 9*) be granted.

At the time these findings and recommendation were filed, parties had 10

days to file written objections.  28 U.S.C. § 636(b)(1)[1].  Plaintiff filed timely

objections (*Doc. 22*), to which Defendants have responded (*Doc. 23*). Plaintiff has

also noticed the Court of supplemental authority from the Montana Supreme

Court.  *Doc 24*.  Plaintiffs' objections require this Court to make a *de novo*

---

[1]Section 636(b)(1) has since been amended to allow 14 days for objections.

1

determination of those portions of the Findings and Recommendations to which objection is made.  28 U.S.C. § 636(b)(1).

After carefully balancing the equities for and against a stay of this insurance bad faith case pending the resolution of the appeal of the underlying case[2], Judge Ostby concluded that a stay of limited duration was appropriate.  Plaintiff claims Magistrate Judge Ostby erred in concluding that if the Court of Appeals reversed the judgment against the law firm in the underlying case, McCollough *may* have no third-party bad faith case against the malpractice insurer.  Plaintiff argues that the law is well-established that the issues in a UTPA claim are distinct from those in the underlying suit and that the UTPA claim focuses on what the insurer knew during the investigation of the claim, citing *Graf v. Continental Western Ins. Co.,* 89 P.3d 22, 27 (Mont 2004).

Aside from the fact that Judge Ostby did not conclusively state that a reversal of the underlying judgment would affect its UTPA claims in this case, there were several other reasons why she found a stay appropriate.  For example, Judge Ostby also noted that JRL would be prejudiced if attorney-client or work product were revealed to Plaintiff in discovery and then the Ninth Circuit

---

[2]Plaintiff obtained a favorable judgment against a debt collection law firm in *McCollough v. Johnson, Rodenburg & Lauringer,* CV-07-166-BLG-RFC-CSO.

2

remanded the underlying case for a new trial.  Although a resolution of the

underlying appeal in JRL's favor may not resolve the UTPA claims at issue in this

case, the Ninth Circuit's decision is sure to have an impact.  Plaintiff's objection is

overruled.

After a de novo review, the Court determines the Findings and

Recommendation of Magistrate Judge Ostby are well grounded in law and fact and

adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Minnesota

Lawyers's Motion for Stay of Proceedings (Doc. 9) is **GRANTED.**

The Clerk of Court shall notify the parties of the entry of this Order.

DATED this _____ day of _____2006.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3