IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

|  |  |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY and JOHN DOES I and II,<br><br>Defendant. | CV 09-95-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Timothy McCollough ("McCollough") initiated this third-party insurance case after he prevailed in his lawsuit against Johnson, Rodenburg & Lauinger ("JRL") for claims related to debt collection activities. *See Cmplt. (Court's Doc. No. 4) at 2-5.* Defendant Minnesota Lawyers Mutual Insurance Company ("MLM") was JRL's professional liability insurer.

Pending is MLM's Motion for Judgment on the Pleadings. Having considered the parties' arguments, the Court recommends that the motion be denied for the following reasons.

-1-

I.   **BACKGROUND**

In 2007, McCollough sued JRL alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Montana's Unfair Trade Practices and Consumer Protection Act, abuse of process, and malicious prosecution. *McCollough v. Johnson, Rodenberg & Lauinger*, CV 07-166-BLG-CSO ("underlying JRL case"). McCollough obtained a partial summary judgment on the FDCPA claim against JRL. *Id*. (Court Doc. 140, at 2).

At an April 2009 trial, a jury found in McCollough's favor on the remaining claims and judgment was entered. JRL appealed to the Ninth Circuit Court of Appeals, which affirmed. *McCollough v. Johnson, Rodenburg & Lauinger,* 637 F.3d 939 (2011).

On June 5, 2009, two days after entry of judgment in the underlying JRL case, McCollough filed the instant action. His Complaint alleges that MLM's adjustment of McCollough's claims against JRL violated the Montana Unfair Trade Practices Act ("MUTPA") and a separate common law duty of good faith and fair dealing. *Court Doc. 4 at 4.*

## II. PARTIES' ARGUMENTS

### A. MLM's Arguments

MLM asks the Court to dismiss the Complaint with prejudice. MLM argues that the Supremacy Clause of the United States Constitution bars application of the MUTPA. MLM contends that McCollough is using the MUTPA to sanction it for its insured's decision to "exercise ... its right to contest the claims against it in federal court." *Court Doc. 27 at 5*. If this is permitted, MLM argues that Montana law would be elevated so that it controls the conduct of federal litigation – putting it in conflict with federal law regarding the right of access to the courts and the right to defend against claims in federal court. *Court Doc. 27 at 5-6*. It is MLM's position that "[i]f the Montana statute and common law intends to invade the conduct of federal litigation, the statute and state precedent is unconstitutional and void." *Court Doc. 27 at 7*. MLM argues that, because Congress has the exclusive power to regulate practice in federal court, Montana statutes cannot interfere with federal litigants' access to the courts. *Court Doc. 27 at 8*. MLM contends that all actions in the underlying suit were

taken in the exercise of JRL's right as a federal litigant to contest McCollough's allegations, and " Montana may not reach into the conduct of the federal litigation to sanction the parties or the insurer funding the party's defense to sanction them for such conduct." *Court Doc. 27 at 11-12.*

MLM also argues that, as a matter of law, it cannot be liable for bad faith in the conduct of the defense. *Court Doc. 27 at 13.* MLM argues that it was not in control of settlement in the underlying action. *Court Doc. 27 at 13.* MLM states that the consent clause in the subject insurance contract leaves the decision to settle with the insured – and, therefore, MLM cannot be liable for JRL's decision not to settle. *Court Doc. 27 at 13.* Additionally, MLM argues that judgments made in asserting the defenses are reserved exclusively to the professional discretion and judgment of the insured's defense lawyer. *Court Doc. 27 at 13.*

B. **McCollough's Arguments**

In response to MLM's motion, McCollough argues that as an insurer operating in Montana, MLM is subject to the MUTPA, and thus

has duties that it cannot contract away. *Court Doc. 29 at 5.* McCollough contends that this "case points exclusively to MLM's claim-handling practices, and specifically its representations, investigation and negotiations – each being a function reserved by contract exclusively to MLM by the plain language of its insuring agreement with JRL[.]" *Court Doc. 29 at 7.* Consequently, it argues that MLM's motion is without merit.

Next McCollough argues that MLM's supremacy clause argument is legally incorrect. *Court Doc. 29 at 12.* McCollough contends that the McCarran-Ferguson Act "establishes a form of inverse preemption" with respect to state regulation of the insurance industry *Court Doc. 29 at 12-13.* Accordingly, McCollough argues that MLM's position regarding federal supremacy is contrary to Montana's authority, under the McCarran-Ferguson Act, to regulate the business of insurance. *Court Doc. 29 at 13.*

### III. LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the

pleadings." A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. *Abston v. City of Merced*, 2009 WL 3398809, *3 (E.D. Cal., Oct. 20, 2009) (citation omitted). It implicates the pleadings as a whole. *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007).

Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011) (internal quotation marks omitted). The Court must "inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso*, 637 F.3d at 1054 (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009).

In considering a Rule 12(c) motion, the court must accept the facts as pled by the non-movant. *Cafasso,* 637 F.3d at 1053. A claim is plausible on its face when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2009)). Although a Court must construe the pleadings in the light most favorable to the nonmoving party, a court need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

In ruling on a Rule 12(c) motion, a court may not consider matters outside the pleadings without treating the motion as a motion for summary judgment. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990).

## IV. DISCUSSION

### A. The Pleadings

Plaintiff's Complaint alleges that MLM violated a common law duty of good faith and fair dealing and also violated § 33-18-201, MCA, specifically subsections (1), (4), and (6), which provide:

A person may not ... :

(1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;

     \*\*\*

(4) refuse to pay claims without conducting a reasonable

>investigation based on all available information;

>***

>(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

In its Answer, MLM admits that, in handling a Montana claim, it is obligated to conform its practices to Montana law and to its contractual obligations to its insured. *Court Doc. 13 at 2.* MLM contends that at all times it acted in conformance with the obligations of its North Dakota-issued insurance policy and with Montana law. *Id. at 4.*

With MLM's brief in support of its Rule 12(c) motion, MLM filed a certified copy of the JRL insurance policy *(Court Doc. 27-1).* Because the Complaint references the insurance policy – and the policy is undisputed and central to Plaintiff's claims, the Court may consider it without treating the motion as a summary judgment motion. *See Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). The policy provides that MLM has "the exclusive right to investigate, negotiate and defend CLAIMS seeking DAMAGES against the

INSURED for which this policy provides coverage. The INSURED may not negotiate or agree to a settlement of any CLAIM without OUR prior consent." *Court Doc. 27-1 at 7.*

**B.  Supremacy Clause**

The Supremacy Clause states that the "Constitution, and the Laws of the United States ... shall be the supreme Law of the Land ... ." U.S. Const. Art. VI, para. 2. Because of the supremacy clause, when a conflict between federal and state law arises, the state law is deemed preempted. *Gade v. National Solid Waste Management Association*, 505 U.S. 88, 108 (1992) (preemption is derived from the supremacy clause).

The constitutional right asserted by MLM here is access to the courts – specifically JRL's right to defend against McCollough's claims in the underlying case. *Court Doc. 27 at 6-14.* MLM's argument focuses only on the "consent to settle" issue, and effectively ignores Plaintiff's other contentions. MLM looks only to one aspect of the complaint – the failure to settle. The Complaint also alleges, as set forth above, misrepresentation of policy provisions during negotiation

and failing to conduct a reasonable investigation, activities that the policy reserves exclusively to MLM.

There can be no serious question that, in a federal action based on diversity jurisdiction, the law to be applied to these issues is Montana law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (l938). "Montana has enacted a broad legislative scheme for the regulation of insurance companies in accordance with federal law and with the Montana Constitution. ... It is not unconstitutional for this Court to hold insurance companies to the standards imposed by the state." *Kyriss v. Aetna Life and Casualty Co.*, 624 F. Supp. 1130, 1133-34 (D. Mont. 1986) (citing 15 U.S.C. § 1012(a)).

McCollough's Complaint does not solely seek to sanction MLM for its insured's decision to dispute McCollough's claims in the underlying case. McCollough also challenges MLM's conduct during the pendency of his claim. The Court cannot conclude, at this early stage of the litigation, that all of McCollough's claims violate the Supremacy Clause or that his Complaint must be dismissed with prejudice, as MLM requests.

The Court also notes that Montana law recognizes that an insurer's right of access to the courts must be protected. The Montana Supreme Court has previously stated that "[g]enerally, an insurer's litigation tactics and strategy for defending a claim are not relevant to the decision to deny coverage." *Federated Mutual Insurance Co. v. Anderson*, 991 P.2d 915, 921-22 (Mont. 1999) (*abrogated on other grounds*). Consequently, that court cautioned that "trial court[s] should weigh the probative value of the evidence against the inherently high prejudicial effect of such evidence, keeping in mind the insurer's fundamental right to defend itself." *Id.* at 922.

JRL's purported refusal to consent to settlement in the underlying case may be relevant to the defenses raised by MLM, but it does not defeat McCollough's claims at this stage in the proceedings. Accordingly, the Court concludes McCollough has stated a plausible claim and recommends that MLM's Rule 12(c) motion be denied. This recommendation does not preclude MLM from filing a subsequent Rule 56 motion or other motions as it deems appropriate.

## IV. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that MLM's motion *(Court Doc. 26)* be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 27th day of July, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge