IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | CV 09-95-BLG-RFC-CSO<br><br>**ORDER** |

Now pending before the Court are two discovery motions filed by Defendant Minnesota Lawyers Mutual Insurance Company ("MLM"): (1) Motion to Compel Discovery and for Sanctions (*Court Doc. 49*); and (2) Motion for Protective Order (*Court Doc. 51*) . The Court's ruling on these motions follows.

-1-

I.     **Motion to Compel**

    A.     **Review of Parties' Arguments**

MLM's Motion to Compel seeks an order compelling Plaintiff McCollough to supplement his answers to MLM's Interrogatory No. 1(a) through 1(i).[1]  The interrogatories at issue seek information regarding McCollough's claims of any violations by MLM of various provisions of Montana law as recited in McCollough's Complaint.  MLM contends that McCollough's responses simply recited his claims, without answering the interrogatory questions regarding the "actual conduct of MLM, and not its characterization under the Montana statute."  *Court Doc. 50 at 2.*  MLM suggests that the responses constitute "evasive, non-responsive conduct."  *Id.* at 7.

McCollough responds that MLM is "asking him why he contends things which are found nowhere in his Complaint."  *Court Doc. 54 at 1.*  He contends that the "exclusive" intent behind this portion of

---

[1]In its proposed order, MLM included the judge's electronic signature.  See Court Doc. 49-1 at 2.  To avoid confusion, parties should not include a judge's electronic signature on proposed orders.  The Court will use its electronic signature when filing an order.  See generally L.R. 11.1(d).

McCollough's Complaint was to provide background and context within a framework of Montana law and public policy." *Id. at 4 (quoting counsel's correspondence).* Nonetheless, McCollough concludes, he "answered inartfully crafted contention interrogatories to the best of his (and his counsel's) ability." *Court Doc. 53 at 2.*

### B. Discussion

As experienced counsel here are well aware, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Rule 33(a)(2) explicitly states that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." *See also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, § 11:1676.* Generally, interrogatories requiring legal or factual conclusions or opinions are to be answered when they would serve a substantial purpose in expediting the lawsuit, or lead to evidence or narrowing of issues. *See, e.g., Roberts v. Heim*, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989); *Alta Health Strategies, Inc. v. Kennedy*,

-3-

790 F.Supp. 1085, 1099-1100 (D. Utah 1992); *Luey v. Sterling Drug. Inc.,* 240 F.Supp. 632, 636 (D.C. Mich. 1965).

Because McCollough did not object to Interrogatory 1, the only question before the Court is whether McCollough adequately answered it. The Court finds that he did not.

First, the Court finds the interrogatory subparts to be discrete, reasonable, and easily understood with reference to paragraph 4 of McCollough's Complaint. Presumably, the references to Montana law in paragraph 4 would not appear there if they bore no relevance to his claims.

Second, McCollough's briefing does not fully reflect the content of his pleading. He narrowly recites that paragraph 4 of his Complaint did not contend that MLM misrepresented pertinent facts and policy provisions pertaining to the claim at issue. *See Court Doc. 54 at 3.* But at paragraph 9 of his Complaint (*Court Doc. 4 at 4)*, he alleges that MLM violated MCA § 33-18-201(1), which provides that a person may not "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue..." Paragraph 9 also alleges that MLM

-4-

violated other statutory provisions that are the subject of the interrogatory requests in dispute.  Although these specific contentions are found in paragraph 9 rather than in paragraph 4 of the Complaint, it is somewhat disingenuous to contend that the interrogatory need not be answered because the sole purpose of paragraph 4 was to provide a context within the framework of Montana law.  If McCollough is not contending that MLM violated these statutory provisions, it will be a simple matter to so state.

Finally, McCollough's answers to the interrogatory are not complete, explicit and responsive.  In facing a similar issue, one court explained:

> Answers must be complete, explicit and responsive.  If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information.  He cannot plead ignorance to information that is from sources within his control.

*Milner v. National School of Health Technology*, 73 F.R.D. 628, 632 (D.C. Pa. 1977).  Another court explained: "In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers to interrogatories that are incomplete, inexplicit and unresponsive."  *Miller v. Doctor's General Hospital*, 76 F.R.D. 136,

140 (W.D. Okl. 1977).

The interrogatories here are not "set-forth-each-and-every-fact" questions. Instead, they seek specific information about McCollough's contentions and the facts he believes support these contentions. They are questions that are allowed by the rules to help focus the issues and allow the opposing party to prepare for trial. It has long been recognized that this is a purpose of Rule 33. *See, e.g., May v. Baltimore & O. R. Co.,* 17 F.R.D. 288, 290 (D. Md. 1955) (approving interrogatory asking: "What are the facts upon which defendant bases its allegation that plaintiff was guilty of negligence contributing to the occurrence of the accident?").

For these reasons, the motion to compel will be granted.

## II. **Motion for Protective Order**

MLM seeks a protective order that McCollough not be allowed to proceed with depositions noticed for April 24, 2012, until at least fifteen days after McCollough responds to its Interrogatory No. 1. McCollough opposes the motion.

Given the Court's ruling on the motion to compel, the Court finds

this motion to be moot.  There is ample time for McCollough to fully respond to the interrogatory prior to the scheduled deposition.

## III. <u>Sanctions</u>

MLM has moved for sanctions pursuant to Fed. R. Civ. P. 37(a)(5), which states that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, pay the movant's reasonable expenses...."  It has been said that the "great operative principle of Rule 37(a)(5) is that the loser pays."  *8B Wright Miller & Marcus § 2288 at 515*.  But the court must not order payment if "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(iii).

The Court finds here that this was a disagreement among counsel that required minimal briefing and did not substantially delay the case. Prolonging these arguments would serve little purpose.  Under these circumstances, the Court will exercise its discretion to deny the motion for sanctions.  If McCollough does not fully comply with this Order, however, and another motion is necessary, the Court will revisit this

request for sanctions.

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that:

(1) Defendant's Motion to Compel (*Court Doc. 49)* is GRANTED. Plaintiff shall clearly and completely respond to each subpart of Interrogatory No. 1(a) through 1(i) by March 30, 2012.

(2) Defendant's Motion for Sanctions (*Court Doc. 49*) is DENIED.

(3) Defendant's Motion for Protective Order (*Court Doc. 51*) is MOOT.

DATED this 22nd day of March, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge