IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
APR 26 2013
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| TIMOTHY MCCOLLOUGH, | ) |
| | ) CV-09-95-BLG-RFC-CSO |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| MINNESOTA LAWYERS MUTUAL | ) AND RECOMMENDATIONS |
| INSURANCE COMPANY, | ) OF U.S. MAGISTRATE JUDGE |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Timothy McCollough filed this action alleging third-party claims under Montana's Unfair Trade Practices Act ("UTPA") against Defendant Minnesota Lawyers Mutual Insurance Company ("MLM"), the insurer of Johnson, Rodenburg & Lauringer ("JRL"), a law firm that McCollough successfully sued in this Court for unfair debt collections practices. *See McCollough v. Johnson, Rodenburg & Lauringer*, CV-07-166-BLG-CSO. In this suit, McCollough claims that MLM violated UTPA sections prohibiting the misrepresentation of pertinent facts and policy provisions, refusing to pay claims without conducting a reasonable investigation, and neglecting to attempt in good faith to settle claims in

1

which liability is reasonably clear, Mont. Code Ann. §§ 33-18-201(1), (4), & (6).

Pending before the Court are objections (docs. 85 & 86) to Magistrate Judge Ostby's Findings and Recommendations (doc. 84) on the parties' motions for summary judgment (docs. 66 & 69). These objections require the Court to make a de novo determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). As discussed below, all objections must be overruled and Judge Ostby's Findings and Recommendations adopted in their entirety.

## A. MCCOLLOUGH'S OBJECTION TO DISMISSAL OF HIS FAILURE TO INVESTIGATE CLAIM

McCollough's only objection is that Judge Ostby erred in recommending summary judgment against him on his § 33-18-201(4) claim that MLM refused to pay claims without conducting a reasonable investigation based on all available information. *See* doc. 85. Judge Ostby relied on a decision of this Court holding that an insurer is entitled to rely on the investigation conducted by its well-qualified counsel unless the insurer has notice that the investigation is insufficient. Doc. 84, 13-17, *citing Madden v. Attorneys Liability Protection Society, Inc.*, 29 Mont.Fed.Rep. 33 (D. Mont. 2001), *aff'd* 2003 WL 245223 (9th Cir. 2003). Because (1) MLM did not know about McCollough's claims until he filed suit and

(2) McCollough's counsel admitted that JRL's lawyers conducted sufficient discovery in the underlying case to uncover all of the material substantive information on McCollough's claim, Judge Ostby recommends judgment in favor of MLM on McCollough's failure to investigate claim. Doc. 84, at 16-17.

McCollough now argues that because MLM did not cite *Madden* in its arguments to Judge Ostby, he did not argue an exception to the *Madden* rule–that there was a triggering event that put MLM on notice that its counsel failed to adequately investigate. *See* 29 Mont.Fed.Rep. at 34. But McCollough's objections fail to establish any "triggering event" that would have put MLM on notice that its counsel failed to investigate the claim. Rather, McCollough cites statements from his Statement of Undisputed Facts purportedly showing that MLM was aware of Montana claims handling standards. He also purports to establish holes in MLM's claims handling file, at the same time he claims to understand that independent defense counsel can fulfill the insurer's duty to investigate under § 33-18-201(4).

Regardless, Judge Ostby properly relied on *Madden* and the admission that defense counsel's investigation uncovered all of the material substantive information in recommending that summary judgment be granted in MLM's favor on McCollough's § 33-18-201(4) claim. McCollough's objection is therefore

overruled.

## B. MLM'S OBJECTION TO JUDGE OSTBY'S RULING ON PREEMPTION

Defendants continue to maintain this entire case should be dismissed with prejudice because Rule 11 Fed.R.Civ.P., prohibiting baseless filings by attorneys, and 28 U.S.C. § 1927, deterring intentional and unnecessary delay in proceedings, preempt the UTPA when the parties litigate in federal court. Defendants still cannot direct the Court towards any direct authority for this novel argument.

In her Findings and Recommendations, Judge Ostby held that Rule 11 and § 1927 do not preempt the UTPA because the purpose of the former is to regulate attorney conduct and the purpose of the latter is to regulate insurance industry practices. Doc. 84, p. 12. Judge Ostby also rejected Defendants' preemption argument on the grounds that the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), prevents federal laws of general applicability, such as Rule 11 and § 1927, from impairing state laws regulating insurance. *Id.* at 13, *citing Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1179 (9th Cir. 2009).

In its objection to the Findings and Recommendations (doc. 86), MLM takes issue with Judge Ostby's conclusion that McCarran-Ferguson forecloses the argument that Rule 11 and § 1927 preempt Montana's UTPA. Specifically, MLM argues that the UTPA does not regulate "the business of insurance" and therefore

McCarran-Ferguson is irrelevant. *E.g.,* doc. 74 at 10-11.

Regardless, Judge Ostby's reliance on inverse preemption under McCarran-Ferguson was only partial, as further justification for her conclusion that Rule 11 and § 1928 do not preempt the UTPA under the ordinary preemption analysis. MLM does not object to Judge Ostby's finding that there is no express preemption, conflict preemption, or field preemption. Accordingly, even if MLM's objection to Judge Ostby's McCarran-Ferguson analysis had merit, the result would not change.

## C. MLM'S OBJECTION TO JUDGE OSTBY'S RULING ON MCCULLOUGH'S FAILURE TO SETTLE CLAIM

MLM objects to Judge Ostby's conclusion that the MLM policy's clause granting JLR, the insured, the contractual right to prohibit settlement does not as a matter of law preclude McCollough's claim that MLM neglected to attempt in good faith to effectuate a prompt, fair, and equitable settlement. In so holding, Judge Ostby relied on *Insurance Co. of North America v. Medical Protective Co.,*, which plainly held that a consent-to-settle provision is "immaterial to the question of whether [the insurer] acted in bad faith in pursuing settlement negotiations ..." because it is "common practice for an insurer to conduct settlement negotiations in advance of obtaining the insured's final consent to the agreement" and the

"negotiations must be conducted in good faith and without negligence, ... regardless of whether or not the insured eventually will consent." 768 F.2d 315, 319-20 (10th Cir. 1983). Judge Ostby further noted that while MLM's policy allows the insured to reject a settlement, it also grants MLM the "exclusive right to investigate, negotiate, and defend claims" against the insured.

MLM attempts to distinguish the case by noting that there the insured was not kept informed of the settlement negotiations and there is no such evidence in this case. But the uninformed insured was just the third reason the 10th Circuit relied on in rejecting the insurer's argument that it could not be liable for bad faith where its insured did not consent to the settlement. *Id.* at 320. This Court agrees that regardless of the consent-to-settle provision, the UTPA requires insurers–through their outside counsel–to negotiate settlements in good faith. Although MLM may have a good defense to the claim if it can show that JRL refused to settle, Judge Ostby correctly concluded that genuine issues of material fact preclude summary judgment. Having so concluded, the Court need not consider MLM's objection to Judge Ostby's reliance on *Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 526 (Colo.App. 2008).

MLM also cites a California intermediate appellate court opinion that held just as he urges this Court to hold–that an insurer is not liable for refusing to

attempt to settle in bad faith where the insured exercised its right under the insurance contract to refuse settlement. *Carlile v. Farmers Ins. Exch.*, 173 Cal.App.3d 773 (Cal.App.3d 1985). But *Carlile* is no more persuasive than *Insurance Co. of North America*.

Moreover, the UPTA does not impose a duty to settle cases–it imposes a duty to attempt in good faith to settle. And Judge Ostby is correct that there are genuine factual disputes about whether MLM attempted in good faith to settle McCollough's claims. Doc. 84, 22-24. For example, McCollough argues that MLM failed to reconsider settlement once Judge Ostby ruled that its insured was liable under the FDCPA, could not rely on a bona fide error defense, and was therefore liable for McCollough's attorney fees, which were already greater than any settlement offer it had made previously. Doc. 70, p. 21.

### D. MLM'S OBJECTION TO JUDGE OSTBY'S RULING THAT FACT ISSUES PRECLUDE SUMMARY JUDGMENT ON CAUSATION OF EMOTIONAL DISTRESS

MLM continues to maintain that McCollough's only purported damages are for emotional distress and that there is no evidence in the record establishing emotional distress caused by MLM's purported bad faith. MLM further argues that Judge Ostby omitted pertinent portions of McCollough's deposition testimony concerning his emotional distress and that the omitted portions establish that the

real cause of his damages was MLM's failure to control JRL, something MLM has no authority to do. Finally, MLM argues that because McCollough testified at one point that "it was not about the money," he could not have suffered damages caused by MLM's failure to attempt to settle in good faith.

Regardless, Judge Ostby is correct that the Rule 56 Fed.R.Civ.P. standard of review requires the Court to draw all reasonable inferences from the facts in McCollough's favor. And Judge Ostby is also correct that ordinary emotional distress damages need not be extreme or severe to be compensable. MLM's objections may undercut the credibility of McCollough's claim for emotional distress damages, but they do not require that judgment as a matter of law be entered against him.

### E. MLM'S OBJECTION'S TO JUDGE OSTBY'S OMISSIONS OF PURPORTEDLY RELEVANT FACTS

Finally, MLM lodges six objections to facts it claims Judge Ostby should have included in her Findings and Recommendations. Doc. 86, pp. 7-9. These objections essentially restate MLM's objections to Judge Ostby's recommendation that its motion for summary judgment be denied with respect to the failure to settle claim and lack of causation for emotional distress damages. Having concluded that Judge Ostby properly denied MLM's motion for summary judgment, the

Court need not second guess Judge Ostby's summary of the relevant facts.

## ORDER

**IT IS ORDERED** that the Findings and Recommendations of Magistrate Judge Ostby (doc. 84) are **ADOPTED IN THEIR ENTIRETY**: MLM's motion for summary judgment (doc. 66) is **GRANTED IN PART AND DENIED IN PART**: the motion is granted with respect to McCollough's claim that it violated Mont. Code Ann. § 33-18-201(4) and denied in all other respects.

**IT IS FURTHER ORDERED** that McCollough's cross-motion for summary judgment (doc. 69) is **DENIED**.

Dated this 26th day of April, 2013.

Richard F. Cebull
SENIOR U.S. DISTRICT JUDGE